UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MOORE,<br><br>                    Plaintiff,<br><br>         v.<br><br>WALMART INC.,<br><br>                    Defendant. | Case No. 23-cv-02293-TLT<br><br>**ORDER GRANTING DEFENDANT WALMART INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINTFOR FAILURE TO PROSECUTE**<br><br>**ECF:  36** |

      Defendant WALMART INC. ("Defendant") filed a motion to dismiss Plaintiff Sarah Moore's Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (the "Motion"). The Motion came on for hearing via videoconference in this Court on May 9, 2024, at 11:00 a.m. Having considered the moving papers, any opposition papers, the reply papers, and good cause appearing, the Court **GRANTS** Defendant's Motion.

**PRODECURAL HISTORY**

      The case was filed the Superior Court of California, County of Sonoma, on March 17, 2023, ECF 1-1, and removed to federal court on May 17, 2023. ECF 1. An initial case management conference was scheduled for August 24, 2023. ECF 9. Plaintiff failed to file a joint case management statement as required by Judge Thompson's Civil Standing Orders and to attend the initial case management conference. ECF 15–16. A further case management conference was scheduled for September 21, 2023, and Plaintiff failed to upload a joint case management statement pursuant to Judge Thompson's Civil Standing Orders. ECF 18. The Court issued an Order to Show Cause for the failure to upload a case management statement by September 18, 2023, for which Plaintiff did not reply.

      Plaintiff attended the case management conference on September 21, 2023, and a scheduling order was issued. ECF 19. A further case management conference was scheduled for February 1, 2024. ECF 19–20. Plaintiff failed to upload a joint case management conference statement pursuant to Judge Thompson's Civil Standing Orders. ECF 25. Plaintiff failed to appear at the further case management conference on February 1, 2024. ECF 27. The Court issued an

Order to Show Cause for failure to appear, including a warning that a failure to prosecute may warrant case dismissal. ECF 28. Plaintiff failed to respond to the Order to Show Cause.

A settlement conference with Magistrate Judge Westmore was scheduled for February 8, 2024, which Plaintiff did not attend. ECF 22. A further case management conference was scheduled for April 2, 2024. Plaintiff failed to file a joint case management statement in advance of the conference. ECF 34. Plaintiff also failed to attend the case management conference. The Court issued an Order to Show Cause for failure to appear, including a warning that failure to prosecute may result in case dismissal. ECF 34–35. Plaintiff failed to show cause by the Court ordered deadline of May 2, 2024.

**LEGAL STANDARD**

A defendant may move to dismiss an action if plaintiff fails to prosecute an action or comply with a court order. Fed. R. Civ. P. 41(b). Unless the Court's Order says otherwise, a dismissal under Rule 41(b) acts as an adjudication on the merits. *Id.* "[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

A Court must weigh five factors in determining whether to dismiss a case for failure to prosecute, "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their meris; and (5) the availability of less drastic alternatives." *Id.* at 1260–61.

**DISCUSSION**

During hearing on May 9, 2024, defendant outlined plaintiff's chronic failure to appear throughout the action and service, by mail, e-mail, electronic case filing, and/or Federal Express of:

- Notice of Removal (ECF 1)
- Judge Thompson's Civil Standing Orders (ECF 8)
- Wal-Mart's ADR Certification (ECF 11)
- Wal-Mart's Case Management Statement and Discovery Report (ECF 12)
- Order Directing Plaintiff to File Case Management Statement (ECF 14)
- Wal-Mart's Case Management Statements (ECF 17, 24, 33, 37)
- Motion to Dismiss for Failure to Prosecute (ECF 36)

Plaintiff concedes to receiving materials provided by Walmart.

2

Plaintiff asserts, however, that she did not have access to the Court's electronic case filing system, and, thus, was unaware any docket activity prior to May 2, 2024. Despite not accessing the electronic filing system, Plaintiff was sent, via First Class Mail at the address 1600 Humboldt St., Santa Rosa, California, 95404, the following:

- Initial Case Management Scheduling Order (ECF 4)
- Order Reassigning Case to Judge Thompson (ECF 7)
- Order Directing Plaintiff to File Case Management Statement (ECF 13)
- Tentative Case Management and Scheduling Order (ECF 16)
- Order to Show Cause (ECF 18)
- Order of Reference to Magistrate Judge for Settlement (ECF 20)
- Case Management Scheduling Order (ECF 21)
- Order to Show Cause (ECF 25)
- Order Denying Wal-Mart's Request to Postpone Case Management Conference (ECF 26)
- Order to Show Cause (ECF 28)
- Clerk's Notice Setting Telephone Conference (ECF 30)
- Settlement Conference Meet and Confer Order (ECF 32)
- Order to Show Cause (ECF 35)

Despite sending these documents to Plaintiff's residence, the only record of Plaintiff's participation on the docket was the Joint Report Regarding Status of Plaintiff's Department of Labor Complaint, where she was a signatory. ECF 23.

In determining whether to dismiss a case for failure to prosecute, the public's interest in expeditious resolution of litigation.  The Court provided Plaintiff with every opportunity to participate in the proceedings and was unsuccessful.  The Court sought to manage it's docket by referring the Plaintiff to the Self Help Desk, appear via videoconferencing and to mail any responses or documents to the Court .  This was again to no avail an prevented the Court from successfully managing the docket. The risk of prejudice to the defendants became apparent when the Plaintiff failed to meet and confer, respond to discovery requests, or attend scheduled settlement conference.  Several case managements hearings along with Orders to Show Cause. Plaintiff failed to respond, file a separate case management statement, or attend any of the previously scheduled cases management donent conferences.  She was forewarned in the Orders to Show Cause that her failure to participate could result in dismissal.   Public policy favors disposition of

cases on their meris; however, the Court sought all available and less drastic alternatives to no avail.  Consequently, the Defendant's motion is GRANTED.

The Clerk is DIRECTED to enter judgment in favor of Defendant WALMART INC., and to close the case.

**IT IS SO ORDERED.**

Dated: May 9, 2024

TRINA L. THOMPSON
United States District Judge